UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Lizamaris Delarosa,**

                         **Plaintiff,**

                **-v-**                                **1:11-CV-368 (NAM/CFH)**

**United States of America, AUSA Craig Nolan,
ATF S/A Thomas M. Jusianiec, and T.F.O.
Thomas McCoy,**

                         **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Lizamaris Delarosa
1 Barringer Street
Schenectady, New York 12304
Plaintiff, *pro se*

Hon. Richard S. Hartunian, United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

In this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, plaintiff seeks relief for defendants' alleged wrongful conduct during the investigation and prosecution of her husband, Noel Delarosa. On the Government's motion, the Court issued a decision (Dkt. No. 29) dismissing all claims against Assistant United States Attorney Craig Nolan, dismissing some but not all *Bivens* claims against Bureau of Alcohol, Tobacco, Firearms

and Explosives ("ATF") Special Agent Thomas M. Jusianiec and Task Force Officer Thomas McCoy, and allowing plaintiff to proceed on three FTCA claims: a false arrest claim based on allegations that Agent Jusianiec and Officer McCoy unreasonably detained plaintiff at her residence during a seizure of a vehicle on August 29, 2010; a false arrest claim based on allegations that Agent Jusianiec and Officer McCoy wrongfully detained plaintiff at her place of business on September 20, 2010; and a trespass claim based on allegations that Agent Jusianiec and Officer McCoy unlawfully searched her place of business on February 1, 2011.

Thereafter, the Court gave the Government leave to move for summary judgment limited to the issue of whether the FTCA claims should be dismissed on the ground of plaintiff's failure to exhaust her administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a). That motion is now before the Court (Dkt. No. 48). As set forth below, the Court grants the motion in its entirety and dismisses plaintiff's FTCA claims for lack of subject-matter jurisdiction.

## APPLICABLE LAW

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). When deciding a summary judgment motion, the Court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Where, as here, the nonmovant is proceeding *pro se*, the Court must read that party's papers liberally and interpret them "to raise the strongest arguments that

they suggest." *Id.* (citation omitted).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In the FTCA, the United States consents to "be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. This limited consent "operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). "One such condition is that a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court." *Id*. The administrative exhaustion requirement is set forth in 28 U.S.C. § 2675(a) as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

"[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly." *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983). The required procedures "appl[y] equally to litigants with counsel and to those proceeding *pro se*." *Adeleke*, 355 F.3d at 153.

A notice of claim under section 2675(a) must be "specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998). Therefore, the notice of claim must

-3-

be in writing and "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Id.* (citing *Keene Corp.*, 700 F.2d at 842).

A statute of limitations applies to FTCA claims as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Section 2401(b) must be strictly construed, and courts "are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117 (1979).

**DISCUSSION**

Having conducted discovery on the exhaustion issue, the Government now moves for summary judgment dismissing the FTCA claims for failure to plead and prove compliance with the administrative exhaustion requirement of 28 U.S.C. § 2675(a). On their face, neither plaintiff's complaint (Dkt. No. 1) nor her amended complaint (Dkt. No. 18) plead compliance. As discussed below, the evidence conclusively establishes that plaintiff never presented a notice of claim as required by section 2675(a). Therefore, allowing plaintiff to amend her amended complaint to plead compliance with section 2675(a) would be futile.

In support of its contention that plaintiff never presented an administrative complaint as required by section 2675(a), the Government relies on the declaration of Melissa A. Anderson of the ATF Office of Chief Counsel stating that on February 5, 2014, she "caused a search of the Office of Chief Counsel case management system to be conducted and found no record of any administrative claim presented to ATF by or on behalf of Lizamaris Delarosa from January 2010

to the present." The Government also relies on plaintiff's deposition transcript and exhibits, discussed below.

In her Memorandum of Law in opposition to the motion, plaintiff argues that she gave notice of her claim on three different occasions. First, she relies on her June 25, 2013 affidavit, which states:

> I ... contacted the [Boston, Massachusetts] ATF office and addressed my concerns to a supervisor in charge who then had me contact another ATF supervisor in the Burlington, Vt. office. I again addressed my concerns to agent James Mostyn who advised me that he would look into the matter. However, he apparently did nothing because agents Jusianiec and McCoy continued to harass me. I then submitted a complaint to the Attorney Generals office addressing the same issues and in a response, the Inspector General's office advised me that they would investigate the matter.

It is clear from plaintiff's deposition that her contact with Agent Mostyn was by telephone, not in writing. In no respect does this alleged conversation meet the requirement that plaintiff present a written notice providing enough information to permit the agency to conduct an investigation or estimate the worth of any claim.

Plaintiff also relies on a letter dated September 28, 2010, signed by plaintiff and addressed to "Mr. Attorney General." Presumably this letter is the "complaint" to which she refers in her June 25, 2013 affidavit. The letter, which is an exhibit to the deposition transcript, asks the Attorney General to investigate the allegedly corrupt conduct of Agent Jusianiec and Officer McCoy in connection with their use of a confidential informant to obtain a search warrant in the criminal case against Noel Delarosa. After describing their conduct, plaintiff gives her telephone number and concludes:

> I'm just fearful that something can happen to me and my children because this agent [Jusianiec] is continuously harassing me and violating my rights and no one has helped me put in a complaint and I've just been told not to inform

-5-

>anyone in Washington D.C. [and] to just wait and be quiet and I believe there's a lot of corruption occurring. Please help.

A plain reading of the September 28, 2010 letter establishes that it does not mention the two alleged incidents of August 29, 2010 and September 20, 2010 that are the basis of plaintiff's two FTCA claims for false arrest. (The incident underlying plaintiff's FTCA trespass claim did not occur until February 1, 2011.) The letter gives no indication that plaintiff intends to bring a lawsuit or that she has a monetary claim. Even assuming that the letter was presented to the appropriate agency, it does not provide enough information to enable the Government to investigate, evaluate and consider settlement of any claim.

Finally, plaintiff relies on two copies of a "complaint" received by ATF's Office of Professional Responsibility and Security Operations ("OPRSO") on March 8 and 18, 2011. The complaints are virtually identical and, for purposes of this discussion, the Court refers only to the second complaint ("OPRSO complaint").[1] The OPRSO complaint reports the alleged conduct of Agent Jusianiec and Officer McCoy and a third agent on February 1, 2011 in gaining entry to and searching plaintiff's husband's place of business by falsely representing to an employee that they were "from Code Enforcement." This alleged conduct is the basis of plaintiff's FTCA trespass claim. The OPRSO complaint states in full:[2]

>On Tuesday February 1, 2011 at around 2:15 p.m. three individuals came to the address 1451 Stanford St. Schenectady N.Y. taking pictures of the property and pictures of a van that belongs to my husband Noel Delarosa, that is parked inside the driveway behind a wooden gate, one of the individual reached over the property gate to obtain these photos of this vehicle. Then

---

[1] The first OPRSO complaint was unsigned and stated the events alleged occurred on January 1, 2011. The second OPRSO complaint corrected the date to February 1, 2011 and was signed by plaintiff, Julio Martinez, and Carlos Ruiz and notarized on February 17 and 22, 2011.

[2] The Court quotes directly from the OPRSO complaint without noting or correcting errors.

> they knocked on the upstairs door requesting to speak to an individual by the name of Gabriel Martinez. The individuals brother asked these three individuals to identify themselves three times and asked them what did they want, the individuals refused to identify themselves and continued asking for Gabriel Martinez and that it was none of his business. The individuals brother told them that if they did not identify themselves that he couldn't help them, with a nasty attitude one of the individuals took out his Alcohol tobacco and firearms badge and stated his name Thomas Jusianic from the state of Vermont and left a contact number for Gabriel Martinez. Agent Jusianic then stated that if he didn't receive a return phone call from Gabriel Martinez he would return again and again until he spoke with him. The other two individuals did not identify themselves. They then returned to their vehicle a black Lincoln navigator and presumed to drive around the property various times just watching. Approximately 3 minutes later the same three individuals came to my husbands (Noel Delarosa) place of business located at 855 Crane st. Schenectady N.Y. 12307 and informed the worker Carlos Ruiz that they were from Code Enforcement and that they needed to take measurements of the store for tax purposes and that if they didn't do it they could loose their jobs. These three individuals showed no paperwork showed no identification and requested the worker to allow them access into the basement for further measurements. They had a camcorder and were recording inside of the store the sneakers and clothing. They were asking if the store did good business and the worker responded yes then one of them asked the worker if Gabriel still cut hair there and the worker said no. At that point the worker realized that these three individuals weren't who they said they were, the worker asked them again for identification and what were they their for again they responded for tax purposes and that they just needed to take measurements. Only one of the individuals stated his name Tom Jusianic to the worker as he was leaving out the front door of the store. The worker then watched the three men through the front display window walk approximately half a block away and drive off in a black lincoln navigator. These three men misrepresented themselves and passed themselves off as code enforcement officers from Schenectady County N.Y. to gain access into the store property. They provided no documentation and illegally requested access into the basement and recorded inside of the store and at no point in time did they show ay kind of identification or paperwork to justify why they were there and what they were doing.

Clearly, the OPRSO complaint gives no indication that plaintiff intends to bring a lawsuit against the United States or that she has a monetary claim. It wholly fails to provide enough information to permit the agency to conduct an investigation, to estimate the value of any claim, and to

consider settlement. Therefore, it does not meet the presentment requirements of section 2675(a).

In her deposition, plaintiff testified that at no time did she mail any other documents concerning her claims before she filed the complaint commencing this action on April 4, 2011. Thus, despite reading her papers most liberally and interpreting them to raise the strongest arguments that they suggest, the Court finds that the record conclusively establishes that plaintiff did not present her FTCA tort claims as required by section 2675(a). There is nothing in the record to raise a material question of fact or to suggest that, if given a further opportunity, plaintiff may be able to raise a question of fact on this issue.

The two-year limitations period for plaintiff to present an administrative claim on her FTCA causes of action expired on August 29, 2012, September 20, 2012, and February 1, 2013. *See* 28 U.S.C. §§ 2401(b). Due to the passage of the limitations period, her failure to comply with section 2675(a) cannot be remedied. Therefore, under 28 U.S.C. §§ 2401(b) and 2675(a), this Court lacks subject-matter jurisdiction over plaintiff's FTCA claims.

**CONCLUSION**

It is therefore

ORDERED that the motion (Dkt. No. 48) for summary judgment dismissing plaintiff's Federal Tort Claims Act causes of action is granted; and it is further

ORDERED that all claims against the United States are dismissed for lack of subject-matter jurisdiction; and it is further

ORDERED that the case will proceed solely on plaintiff's remaining *Bivens* claims against Agents Jusianiec and McCoy; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-

Decision and Order in accordance with the Local Rules of the Northern District of New York, and service on plaintiff shall be by regular mail and by certified mail, return receipt requested.

IT IS SO ORDERED.

Date: September 22, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge