UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Lizamaris Delarosa,**

                              **Plaintiff,**

                              **-v-**                        **1:11-CV-368 (NAM/CFH)**

**United States of America, AUSA Craig Nolan,
ATF S/A Thomas M. Jusianiec, and T.F.O.
Thomas McCoy,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Lizamaris Delarosa
1 Barringer Street
Schenectady, New York 12304
Plaintiff, *pro se*

Hon. Richard S. Hartunian, United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Presently before the Court is a motion for summary judgment (Dkt. No. 63) by Special Agent Thomas M. Jusianiec and Task Force Officer Thomas McCoy, the sole remaining defendants in this *pro se* lawsuit. Plaintiff's lawsuit is based on defendants' alleged wrongful conduct during the investigation and prosecution of plaintiff's husband, Noel Delarosa. By Memorandum-Decision and Order issued September 22, 2014 (Dkt. No. 58), the Court dismissed all claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, on the

ground of plaintiff's failure to exhaust her administrative remedies and the statute of limitations; dismissed all claims against the United States; and ordered that the case would proceed solely on plaintiff's remaining claims against Agents Jusianiec and McCoy under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

By Text Order (Dkt. No. 61), the Court gave the Government leave to move, prior to discovery, for summary judgment dismissing the remaining *Bivens* claims based on the judgment bar of 28 U.S.C. § 2676.[1] That motion is now before the Court. As explained below, the Court denies the motion.

## DISCUSSION

The judgment bar set forth in the FTCA, 28 U.S.C. § 2676, provides:

> The judgment in an action under section 1346(b) of this title [*i.e.*, an action under the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

Defendants argue that this Court's September 22, 2014 decision granting summary judgment dismissing plaintiff's FTCA claims constitutes a "judgment" within the meaning of section 2676 and thus is a complete bar to plaintiff's *Bivens* claims against Agents Jusianiec and McCoy. In support of their argument, defendants rely heavily on the Second Circuit's analysis of the judgment bar in *Hallock v. Bonner*, 387 F.3d 147, 154-55 (2d Cir. 2004), *rev'd on other grounds sub nom. Will v. Hallock*, 546 U.S. 345 (2006). The Court agrees that the Second

---

[1] The Text Order (Dkt. No. 61) added: "In the event that plaintiff seeks discovery to assist her in opposing the motion, she should specify to the Court the facts she seeks and how those facts are reasonably expected to create a genuine issue of material fact. In addition, if, upon reviewing the motion, the Court perceives a question of fact warranting discovery, it will so notify the parties." Plaintiff made no such request, and the Court does not find a question of fact material to the resolution of the instant motion.

-2-

Circuit's analysis in *Hallock* is determinative here. It does not, however, lead to the result defendants urge.

Briefly, the relevant facts in *Hallock* are that Susan Hallock was a plaintiff in an FTCA action stemming from the alleged misconduct of United States customs agents in executing a search warrant. The district court granted the United States' motion to dismiss the action on the ground that the agents' actions occurred in the course of detaining goods and thus fell within an exception to the FTCA's waiver of sovereign immunity set forth in 28 U.S.C. § 2680(c). *See Hallock v. United States*, 253 F.Supp.2d 361 (N.D.N.Y. 2003). While the FTCA action was still pending, Susan Hallock filed a separate *Bivens* action against the individual agents, alleging Fifth Amendment due process violations. After the district court dismissed the FTCA action, the agents moved for dismissal of the *Bivens* action, relying on the judgment bar. The district court denied the motion, characterizing the dismissal of the FTCA action pursuant to section 2680(c) as a dismissal for a procedural defect, and suggesting that the judgment bar applied only where the FTCA action was dismissed on the merits. *See Hallock v. Bonner*, 281 F.Supp.2d 425, 427-28 (N.D.N.Y. 2003). The Second Circuit, asserting appellate jurisdiction under the collateral order doctrine, affirmed on different grounds, as discussed below. *See Hallock v. Bonner*, 387 F.3d at 154-55. The Supreme Court reversed and remanded, holding that the collateral order doctrine did not apply and that the Second Circuit thus lacked jurisdiction to review district court's non-final order rejecting the judgment bar as a basis to dismiss the *Bivens* action. *See Will v. Hallock*, 546 U.S. at 353-55. Because the Supreme Court did not reach the issue of the applicability of the judgment bar, and the Second Circuit has not revisited the issue, the Second Circuit's analysis of

-3-

section 2676 in *Hallock* is still good law in this circuit.[2]

In *Hallock*, the Second Circuit concluded that the dismissal of the FTCA action did not result in a "judgment in an action under [the FTCA]," 28 U.S.C. § 2676, and thus did not trigger the judgment bar. The court reasoned that, because the claims in the FTCA action fell within an exception to the United States' waiver of sovereign immunity, *see* 28 U.S.C. § 2680(c), the action was not one properly brought "under" the FTCA, and the judgment bar did not apply. The circuit court explained:

> As we see it, an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA does not result in a "judgment in an action under section 1346(b) [the Federal Tort Claims Act]." 28 U.S.C. § 2676. This is so because the action was not <u>properly</u> brought <u>under</u> the Federal Tort Claims Act in the first place and is a nullity. We hold that for the judgment bar to apply, the action must first be a proper one for consideration under the Federal Tort Claims Act. In other words, it must fit within the category of cases for which sovereign immunity has been waived. If it does not, then a judgment declaring a lack of subject matter jurisdiction denotes that sovereign immunity has not been waived and that the case is not justiciable in any event.

*Hallock*, 387 F.3d at 155 (emphases and brackets in original). With respect to the District Court's holding that section 2676 did not require dismissal of the *Bivens* action because the FTCA action was dismissed for a procedural error and not on the merits, the Second Circuit stated:

> We reject the District Court's approach because any number of <u>procedural</u> defects and/or reasons having nothing to do with the merits of the claim may justify dismissal of an action properly brought under the Federal Tort Claims Act. For example, in an action <u>properly</u> pleaded under the FTCA, a judgment of dismissal based on the statute of limitations, laches, release, res judicata, or improper venue will justify the assertion of the judgment bar in a

---

[2] Upon remand, district court decided the case on unrelated grounds, and the Second Circuit affirmed. *Hallock v. Bonner*, 567 F.Supp.2d 334 (N.D.N.Y. 2008), *aff'd* 343 Fed.Appx. 633 (2nd Cir. 2009).

-4-

subsequent Bivens action.

*Id.* (emphases in original).

In the instant case, unlike *Hallock*, the Government does not contend that plaintiff's FTCA claims against the United States for the misconduct of its agents fell within section 2680's enumerated exceptions to the United States' waiver of sovereign immunity. To the contrary, it appears that plaintiff's claims in the instant case "fit within the category of cases for which sovereign immunity has been waived" and thus were "properly pleaded under the FTCA." *Id.* Plaintiff's failure to exhaust and the lapse of the limitations period do not remove her FTCA claims from the category of cases for which sovereign immunity has been waived; thus, under *Hallock*, these procedural defects "justify the assertion of the judgment bar[.]" *Id.*

This Court nevertheless finds that the judgment bar does not compel dismissal of the instant case. As the Court reads the statute and the *Hallock* decisions, section 2676 bars only "subsequent" *Bivens* actions, and does not require dismissal of *Bivens* claims upon the dismissal of the FTCA claims in the same action. Section 2676 states that "[t]he <u>judgment</u> in an <u>action</u> under [the FTCA] shall constitute a complete bar to any <u>action</u> [under *Bivens*]" (emphases added). By its terms, section 2676 speaks to "actions" not "claims." Further, the word "judgment" is ordinarily understood to mean "the end of the case" – not the adjudication of some but not all claims in the case. *Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir. 1993) ("[A judgment is a] ... clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case"). Indeed, in *Will v. Hallock*, the Supreme Court referred to the judgment bar as "function[ing] in much the same way [as traditional *res judicata*],

with both rules depending on a <u>prior</u> judgment as a condition precedent."[3]  546 U.S. at 354 (emphasis added).  The Second Circuit apparently contemplated the same reading of section 2676 when it wrote in *Hallock*: "[I]n an action properly pleaded under the FTCA, a judgment of dismissal based on the statute of limitations, laches, release, res judicata, or improper venue will justify the assertion of the judgment bar in a <u>subsequent</u> *Bivens* action."  387 F.3d at 155 (emphasis added).  In addition to being supported by the plain wording of the statute, this reading of section 2676 furthers the purposes of the judgment bar articulated by the *Hallock* court, *i.e.*, "to prevent dual recovery from both the Government and its employees and to avoid the waste of Government resources in defending repetitive suits"; to "increase[] the likelihood 'that claims for torts [will] be made against the United States rather than, as *Bivens* suits, against the employee'"; and to address concerns about the Government's "ability to marshal the manpower and finances to defend <u>subsequent</u> suits against its employees."  *Id.* at 154 (quoting *Birnbaum v. United States*, 588 F.2d 319, 333 (2d Cir. 1978); *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994) (emphasis added)).  A contrary reading would tend to defeat these purposes by discouraging plaintiffs from bringing both FTCA and *Bivens* claims in the same action, and possibly encouraging plaintiffs to forego their FTCA claims and sue only the employee.[4]  For these

---

[3] Of course, "[*r*]*es judicata* does not speak to direct attacks in the same case, but rather has application in subsequent actions."  *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir.1999) (quoted in *Algonquin Power Income Fund v. Christine Falls of New York, Inc.*, 362 Fed.Appx. 151, 154 (2d Cir. 2010)).

[4] The Fourth Circuit in *Gasho v. United States* reached the same conclusion:

> We therefore hold that any FTCA judgment, regardless of its outcome, bars a <u>subsequent</u> *Bivens* action on the same conduct that was at issue in the prior judgment.  Our interpretation of § 2676 serves the interests of judicial economy. Plaintiffs contemplating both a *Bivens* claim and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions.

reasons, the Court concludes that section 2676 does not bar plaintiff from pursuing her *Bivens* claims despite the fact that her FTCA claims in the same action were dismissed on grounds of failure to exhaust administrative remedies and the statute of limitations.

## CONCLUSION

It is therefore

ORDERED that defendants' motion for summary judgment (Dkt. No. 63) is denied.

IT IS SO ORDERED.

DATED: March 27, 2015
        Syracuse, NY

*Norman A. Mordue*
Senior U.S. District Judge

---

> This will foster more efficient settlement of claims, since the evidence and proof in FTCA and *Bivens* claims often overlap.
> \*\*\*
> The Gashos thus are permitted to pursue either the *Bivens* claim or FTCA claim, or both claims. If they pursue both remedies in separate actions, they may secure judgments on both claims only if the *Bivens* judgment is entered first.

39 F.3d 1420, 1437-38 (4th Cir. 1994) (emphasis added) (cited in *Hallock*, 387 F.3d at 154).