**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

LIZAMARIS DELAROSA,

        Plaintiff,

        v.                                 No. 1:11-CV-368
                                                  (NAM/CFH)

UNITED STATES OF AMERICA, et al.,

        Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                           **OF COUNSEL:**

Lizamaris DeLaRosa
Plaintiff Pro Se
1 Barringer Street
Schenectady, New York 12304

Hon. Richard S. Hartunian                Charles E. Roberts, Esq.
United States Attorney for the            Assistant United States Attorney
   Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**REPORT-RECOMMENDATION AND ORDER**[1]

    In this pro se action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), plaintiff seeks relief for defendants' wrongful conduct during the arrest and prosecution of her husband, Noel DeLaRosa. Dkt. No. 1. Since the filing of this action, there has been extensive motion practice, which resulted in the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

dismissal of many of the claims in the complaint. Dkt. Nos. 29, 58. This action is proceeding solely on plaintiff's remaining Bivens claims against Agents Thomas M. Jusianiec and Thomas McCoy. Dkt. No. 58. Presently pending is defendants' motion to dismiss for failure to prosecute and for the imposition of sanctions pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 41(b) and 37(d), based upon plaintiff's failure to appear for a deposition. Dkt. No. 86-1. Plaintiff filed a response to the motion. Dkt. No. 87. On October 2, 2015, defendants filed a reply. Dkt. No. 88. For the reasons set forth below, it is recommended that defendants' motion to dismiss for failure to prosecute be denied, and that defendants' motion seeking the imposition of monetary sanctions be granted.

## I. Background

Plaintiff commenced this action on April 4, 2011. Dkt. No. 1. After extensive motion practice, an order was issued rescheduling the Rule 16 conference for September 27, 2013. Dkt. No. 41. On September 27, 2013, an order was issued which provided, among other things, that the parties had until January 2, 2014 to conduct discovery on the limited issue of plaintiff's exhaustion of administrative remedies. Dkt. No. 43. A deadline of February 7, 2014 was set for defendants to file any motion for summary judgment based upon any failure by plaintiff to exhaust administrative remedies. Id.

On February 7, 2014, defendant United States of America filed a motion pursuant to Fed. R. Civ. P. 56 for summary judgment to dismiss the amended complaint insofar as it alleges a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Dkt. No. 48. On March 31, 2014, plaintiff filed a response. Dkt. No. 52. Defendant United States of America filed a reply and an amended reply. Dkt. Nos. 56, 57. On September 27,

2014, the Court issued a Memorandum-Decision and Order which dismissed plaintiff's Federal Tort Claims Act cause of action as well as all claims against defendant United States of America. Dkt. No. 58.

On November 17, 2014, defendants Jusianiec and McCoy filed a motion for summary judgment seeking to dismiss plaintiff's remaining Bivens claims based upon the judgment bar. 28 U.S.C. § 2976; Dkt. No. 63. On December 22, 2014, plaintiff filed a response in opposition to the motion for summary judgment. Dkt. No. 65. On December 29, 2014, defendants filed a reply. Dkt. No. 66. On March 27, 2015, the Court issued a Memorandum-Decision and Order denying defendants' motion for summary judgment. Dkt. No. 67.

On March 30, 2014, the Court issued a notice scheduling the jury trial in this matter for June 22, 2015, in Syracuse, New York. Dkt. No. 68. On April 13, 2015, the Court issued an order adjourning the trial in order to afford the parties a reasonable opportunity to conduct discovery. Dkt. No. 70. On April 13, 2015, defendants filed a stipulation, executed by their counsel only, setting a July 15, 2015 deadline for the completion of discovery. Dkt. No. 71-1. On May 13, 2015, defendants filed a status report indicating that plaintiff had waited one month to return the executed stipulation. Dkt. No. 73. Defendants requested a further extension of the discovery deadline. Id. On May 19, 2015, the Court issued a text order which extended discovery until August 14, 2015, and provided that there would be no further extensions of the discovery deadline. Dkt. No. 74.

On August 6, 2015, defendants filed a letter motion requesting a conference to address plaintiff's deposition, which was scheduled for August 11, 2015 in Syracuse, New York. Dkt. No. 77. On August 6, 2015, plaintiff filed a letter requesting that her deposition

be rescheduled for a different date in Albany, New York. Dkt. No. 78. Defendants filed a letter in opposition to that request. Dkt. No. 79.

On August 7, 2015, the Court conducted an on-the-record conference with plaintiff and defense counsel. Dkt. Entry Dated August 7, 2015. During the conference, the Court denied plaintiff's request that the deposition be adjourned and relocated to Albany. The Court further advised plaintiff, on the record, that her failure to appear for the deposition may result in a motion to dismiss her case. On August 7, 2015, the Court issued a text order denying plaintiff's request to adjourn and change the location of the deposition. Dkt. No. 80. The text order further provided that plaintiff's failure to appear for the deposition may result in a motion to dismiss her case. Id.

By letter dated August 11, 2015, defendants advised the Court that plaintiff failed to appear for the deposition. Dkt. No. 81. On August 14, 2015, the Court issued a text order scheduling a conference to address plaintiff's failure to appear for the deposition. Dkt. No. 82. On August 21, 2015, the Court issued a schedule notice establishing a briefing schedule for this motion. Dkt. No. 83.

## II. Discussion[2]

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order. . ." See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh

---

[2] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

-4-

remedy. . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535)); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)) (additional citation omitted).

A review of this case's procedural history shows that the complaint was filed on April 4, 2011. Dkt. No. 1. As such, over four years gave elapsed since the filing of the action, yet discovery has not been completed.

On August 7, 2015, a conference was conducted on-the-record with plaintiff and defense counsel. During that conference, the Court denied plaintiff's request to adjourn the deposition and change the location from Syracuse to Albany. The Court further advised plaintiff that failure to appear at the deposition may result in a motion to dismiss her case. On August 7, 2015, the Court issued an order which, among other things, provided that plaintiff's failure to appear for the scheduled deposition may result in a motion to dismiss her case. Dkt. No. 80.

Plaintiff failed to appear for the deposition scheduled for August 11, 2015. Dkt. No. 86-1 at 4. At that time, plaintiff was aware that failure to appear for the deposition would result in a motion to dismiss this action. In addition, defendants have been denied access to information needed to prepare their defense due to plaintiff's failure to appear for the deposition. Dkt. No. 86-1 at 10; see Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999). Defendant McCoy was further prejudiced as he drove from Vermont to Syracuse, New York to attend the deposition. Dkt. No. 86-1 at 4. Plaintiff's failure to appear for the deposition has significantly delayed the resolution of this matter, thereby contributing to calendar congestion.

The final consideration is whether there is a sanction less drastic than dismissal.[3] Lucas, 84 F.3d at 535. A dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff. Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986); Sec. and Exch. Comm'n v. Research Automation Corp., 521 F.2d 585, 588-89 (2d Cir. 1975). Mindful of the principles of law pronounced above, the Court finds that dismissal of plaintiff's complaint is a harsh and drastic remedy. In view of the Court's finding that plaintiff completely and intentionally disregarded this Court's order that plaintiff appear for the deposition, the imposition of monetary sanctions is appropriate. As a result of plaintiff's failure to appear, defendants incurred expenses which include: a court reporter fee; travel expenses for defendant McCoy, who traveled to Syracuse from Vermont; and travel

---

[3] Defendants request, in the alternative, (Dkt. No. 86-1 at 8), that dismissal and sanctions be considered under Rule 37 for plaintiff's failure to attend the deposition. FED. R. CIV. P. 37. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" no additional analysis is needed. Barney v. Consol. Edison Co. of New York, No. 99-CV-823 (DGT), 2006 WL 4401019, at *16 (E.D.N.Y. July 19, 2006) (citation omitted).

expenses, including airfare, for agency counsel who traveled from Washington, D.C. Dkt. No. 86-1 at 4.

On November 9, 2015, this Court issued a text order which directed that, by November 20, 2015, defendants file an affidavit detailing the expenses they incurred as a result of plaintiff's failure to appear for the deposition on August 11, 2015 in Syracuse, New York. Dkt. No. 89. The text order further directed that plaintiff file any response to that affidavit by December 1, 2015. Id. A copy of that text order was served on plaintiff by regular mail. Id.

On November 30, 2015, defendants' counsel filed an affidavit detailing the expenses which defendants incurred. Dkt. No. 90. Defendants' expenses, including attorney's fees, court reporter expenses, and travel, total $2,391.88. Dkt. No. 90 at 5.[4] That figure does not include the travel expenses of $1,188.96 incurred by Sophia Kil, Esq., agency counsel who, although not counsel of record, has been actively involved in this litigation. Dkt. No. 90 at 5, n.3. Defendants are not seeking reimbursement for Attorney Kil's expenses. Id.

Plaintiff was ordered to file any response to defendants' affidavit detailing the expenses they incurred as a result of plaintiff's failure to appear for her deposition by December 1, 2015. Dkt. No. 89. Plaintiff has failed to file any responses. After consideration of the expenses incurred by defendants, while remembering that plaintiff is proceeding pro se, the Court determines that the imposition of a reasonable $500.00

---

[4] Defendants' counsel, Charles E. Roberts, Esq., Assistant United States Attorney, is seeking to be reimbursed for his work at a rate of $210.00 per hour. Dkt. No. 90 at 4. Given his extensive experience, that hourly rate is at the very low end of the hourly rate awarded to attorneys with his experience in the Northern District of New York. See, e.g., Pope v. Cty. of Albany, No. 1:11-cv-0736 (LEK/CFH), 2015 WL 5510944 (N.D.N.Y. Sept. 16, 2015).

monetary sanction on plaintiff is appropriate. Plaintiff shall pay to defendants' counsel the sum of $500.00 within sixty (60) day from the date of the adoption of this Report-Recommendation and Order.

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss for failure to prosecute (Dkt No. 86) be **DENIED**; and it is further

**RECOMMENDED** that defendants' motion seeking the imposition of monetary sanctions be **GRANTED** to the extent that plaintiff be required to pay defendants' counsel $500.00 within sixty (60) from the date of the adoption of this Report-Recommendation and Order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

DATED:   December 14, 2015
         Albany, New York

Christian F. Hummel
U.S. Magistrate Judge