UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**Lizamaris Delarosa,**

        **Plaintiff,**

      -v-              **1:11-CV-368 (NAM/CFH)**

**United States of America, AUSA Craig Nolan,
ATF S/A Thomas M. Jusianiec, and T.F.O.
Thomas McCoy,**

        **Defendants.**

APPEARANCES:

Lizamaris Delarosa
1 Barringer Street
Schenectady, New York 12304
Plaintiff, *pro se*

Hon. Richard S. Hartunian, United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

This *pro se* action arises from defendants' allegedly wrongful conduct during the investigation and prosecution of plaintiff's husband Noel Delarosa for his involvement in a drug trafficking conspiracy.[1] This Court has dismissed all claims except certain *Bivens* claims against

---

[1] Noel Delarosa was convicted of conspiracy to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; the conviction was affirmed on appeal. *See United States v. DeLaRosa*, 2012 WL 3778855 (D.Vt. Aug. 30, 2012), *aff'd* 548 F. App'x 717, 719 (2d Cir. 2013).

the Bureau of Alcohol, Tobacco, Firearms Special Agent Thomas M. Jusianiec ("Agent Jusianiec") and Task Force Officer Thomas McCoy ("Officer McCoy"). *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). Agent Jusianiec and Officer McCoy move to dismiss the action pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 100) for plaintiff's failure to pay a $500 discovery sanction.[2]

## BACKGROUND

In a previous Memorandum-Decision and Order (Dkt. No. 29), this Court granted in part and denied in part defendants' Rule 12(b)(6) motion to dismiss the amended complaint. The Court granted the motion to the extent that the following claims were dismissed without leave to replead: any claim based on allegations that defendants disclosed "sensitive information" regarding plaintiff's husband's role as an informant and told her that her husband was having an affair; plaintiff's Fourth Amendment and/or Due Process Clause claim that the Government lacked the legal right to deprive her of her interest in the 2004 Cadillac Escalade on August 29, 2010; any claim directly based on plaintiff's allegation that in March 2011, defendants attempted to persuade Dawn Schiavone, the mother of one of Noel Delarosa's codefendants, to wear a recording device and attempt to incriminate plaintiff; all official-capacity claims against Agent Jusianiec and Officer McCoy; and all claims against Assistant United States Attorney Craig Nolan. The dismissal motion was otherwise denied. The case went forward on three FTCA claims and the remaining *Bivens* claims against Agent Jusianiec and Officer McCoy.

Thereafter, the Court gave the Government leave to move for summary judgment limited

---

[2] In a separate decision, the Court will address defendants' motion (Dkt. No. 102) for summary judgment dismissing the remaining claims.

to the issue of whether the FTCA claims should be dismissed on the ground of plaintiff's failure to exhaust her administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a). After motion practice, the Court issued a decision (Dkt. No. 58) granting defendants' motion, dismissing plaintiff's FTCA claims for failure to exhaust, and directing that the case proceed solely on the remaining *Bivens* claims against Agent Jusianiec and Officer McCoy (Dkt. No. 58). In a subsequent decision (Dkt. No. 67), the Court denied defendants' motion for summary judgment dismissing the remaining *Bivens* claims based on the judgment bar of 28 U.S.C. § 2676.

## THE PRESENT MOTION

On January 28, 2016, this Court adopted the recommendation by United States Magistrate Judge Christian F. Hummel (Dkt. No. 92) to grant in part and deny in part defendants' motion for dismissal and/or sanctions due to plaintiff's failure to appear for a deposition.[3] As recommended by Magistrate Judge Hummel, this Court awarded sanctions in the sum of $500 to be paid by plaintiff to defendants' counsel within 60 days, that is, on or before March 28, 2016. The Court's decision (Dkt. No. 96) advised plaintiff in bold, upper-case font that failure to comply may result in dismissal of the action.

Defendants now move (Dkt. No. 100) for dismissal based upon plaintiff's failure to pay the $500 sanction. In the alternative, defendants seek discovery regarding plaintiff's alleged inability to pay the sanction. In opposition, plaintiff submits an unsworn statement, filed June 3,

---

[3] In a telephone conference on August 7, 2015, Magistrate Judge Hummel denied plaintiff's request to change the date and time of her deposition, which had been scheduled on July 15, 2015 to take place on August 11, 2015 at Syracuse, New York. Magistrate Judge Hummel warned plaintiff that her failure to appear may result in a dismissal motion. By letter dated August 11, 2015 (Dkt. No. 81), defendants reported that plaintiff had failed to appear for the deposition. Magistrate Judge Hummel calculated that defendants' expenses – including attorney's fees, court reporter expenses, and travel – totaled $2,391.88 (excluding travel expenses of $1,188.96 incurred by Sophia Kil, Esq., for which defendants did not seek reimbursement).

-3-

2016, to the effect that she is unable to pay. She suggests a payment schedule of $20 per month. She encloses monthly financial information including a pay stub, cell phone bill, medical insurance bill, utility bill, and car loan payment information. In reply, defendants point out that plaintiff failed to disclose evidence of her assets, which apparently include partial ownership of rental property as well as a resort timeshare. Defendants also point out that plaintiff's cable TV bill is $154.82 per month. The Court notes also that plaintiff's initial *in forma pauperis* application (Dkt. No. 2) was denied (without prejudice) because she did not submit complete financial information (Dkt. No. 4). Her second *in forma pauperis* application (Dkt. No. 5) was denied (Dkt. No. 6) because she had more than $5,000 in a bank account.

In evaluating a dismissal motion under Rule 41(b), a court must balance the following factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether a sanction less drastic than dismissal might be effective. *See Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999). In *Selletti*, the Second Circuit noted that, although most of the relevant considerations in that case weighed heavily in favor of dismissal, dismissal for failure to pay sanctions was an abuse of discretion where the district court "fail[ed] to accord any significant weight to plaintiff's inability to pay the sanction or post security in the required amount, a consideration relevant to plaintiff's interest in receiving a fair chance to be heard." *Id*.

Plaintiff's ability or inability to pay the $500 sanction is a significant factor in deciding defendants' Rule 41(b) motion, and it would be improper to dismiss the action without addressing

-4-

her claim of inability to pay. Due to plaintiff's failure to provide complete financial information, the Court holds defendants' Rule 41(b) motion in abeyance to permit defendants to conduct discovery regarding plaintiff's financial situation, after which defendants may supplement their motion. Plaintiff may then respond to defendants' supplemental submission, as ordered below. The Court notes that plaintiff's failure to submit complete financial information – information that was completely within her control – has interfered with this Court's management of its docket and wasted the time of Court and defense counsel. Therefore, the Court will consider an application by defendants for an award of attorney's fees and other expenses for discovery and motion practice necessitated by plaintiff's failure to comply with the sanction order or to submit complete financial information demonstrating an inability to comply.

It is therefore

ORDERED that defendants' motion (Dkt. No. 100) under Fed. R. Civ. P. 41(b) is held in abeyance to enable defendants to conduct discovery regarding plaintiff's financial situation; and it is further

ORDERED that financial discovery is to be completed on or before July 15, 2016; and it is further

ORDERED that any discovery disputes are referred to United States Magistrate Judge Christian F. Hummel; and it is further

ORDERED that defendants may supplement their Rule 41(b) motion (Dkt. No. 100) within 10 days after the close of financial discovery; and it is further

ORDERED that plaintiff may respond to defendants' supplemental submission within 10 days thereafter, after which time this Court will decide the motion (Dkt. No. 100); and it is further

ORDERED that **PLAINTIFF IS ADVISED THAT FAILURE TO COOPERATE IN FINANCIAL DISCOVERY BY DEFENDANTS OR FAILURE OTHERWISE TO COMPLY WITH ORDERS OF THIS COURT AND MAGISTRATE JUDGE HUMMEL MAY RESULT IN DISMISSAL OF THE ACTION AND/OR FURTHER SANCTIONS, INCLUDING AN AWARD OF ATTORNEY'S FEES PAYABLE TO DEFENDANTS' COUNSEL**; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York and shall serve plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

Date: June 15, 2016
Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge